UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80344-CIV-RYSKAMP/VITUNAC

BRIAN C. DEWEY,

    Plaintiff,

v.

GRANT JOHNSON, BENEVOLENT
CAPITAL PARTNERS, and
BURNLOUNGE, INC.,

    Defendants.
_____/

**ORDER DENYING MOTION TO REMAND**

THIS CAUSE comes before the Court pursuant to plaintiff Brian C. Dewey's ("Plaintiff") Motion to Remand, filed May 15, 2008 **[DE 14]**.  Defendants Grant Johnson ("Johnson"), Benevolent Capital Partners ("Benevolent") and BurnLounge, Inc. ("BurnLounge") (collectively, "Defendants"), responded on June 2, 2008 **[DE 21]**.  Plaintiff replied on June 13, 2008 **[DE 24]**.  This motion is ripe for adjudication.

**I.**    **BACKGROUND**

On or about February 21, 2008, Plaintiff commenced a civil action against Defendants in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.  Defendants removed this action to the Court on April 4, 2008.  On April 30, 2008, Defendants moved to dismiss.  On May 15, 2008, Plaintiff filed a motion to remand, as well as an amended complaint.

The original complaint contained claims pursuant to both the Securities Act of 1933 and Securities Exchange Act of 1934.  Defendants removed the action to this Court pursuant to 28

U.S.C. § 1331 because federal courts have exclusive jurisdiction over 1934 Act claims.  See 15 U.S.C. § 78aa (federal courts "shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder").  The original Complaint also included a claim under the 1933 Act.  The 1933 Act contains a non-removal provision at 15 U.S.C. § 77v(a): "Except as provided in section 77p(c) of this title [dealing with class actions], no case arising under this subchapter and brought in any State Court of competent jurisdiction shall be removed to any Court of the United States."  The amended complaint dropped the 1934 Act claim.  Plaintiff then requested a remand on the grounds that the remaining counts consisted of state law claims and a non-removable 1933 Act claim.

## II.    DISCUSSION

In evaluating a motion to remand, the Court looks at the case as it existed at the time of removal to determine whether it has subject matter jurisdiction:

> [T]he District Court must determine whether it had subject matter jurisdiction at the time of removal.  That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the District Court's jurisdiction.  In this case, [plaintiffs] amended their complaint after the case was removed to the district court.  The district court thus erred in relying on the amended complaint to conclude the parties did not meet the amount in controversy requirement.

Poore v. American-Amicable Life Insurance Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled on other grounds by* Powerex Corp. v. Reliant Energy Services, Inc.,___U.S. ___, 127 S.Ct. 2411 (2007), Behlen v. Merrill Lynch, Phoenix Investment Partners, Ltd., 311 F.3d 1087, 1096 (11th Cir. 2002) (extending Poore to the federal question context in holding that

the district court must determine whether a federal question exists at the time of removal using the original complaint rather than after removal under an amended complaint that brought the federal claim).  See also Lieu v. Sandy Sansing Cars, Inc., 2007 WL 4287642,*1 (M.D. Fla. Dec. 5, 2007) (denying motion for premium because, under Poore and Behlen, "Plaintiff's amendment of her complaint after removal did not divest the court of subject matter jurisdiction"); Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) ("Cases removed from state to Federal Court under 28 U.S.C. § 1447 are treated differently.  In those cases, the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction."); Rockwell International Corp. v. United States, 127 S.Ct. 1397, 1409 n.6 (2007) (post-removal amendment is irrelevant for jurisdictional purposes because "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment").

Plaintiff stresses that claims under the 1933 Act are nonremovable in isolation.  Such is irrelevant here, however, as this case has already been properly removed.  See Gallagher v. Donald, 803 F. Supp. 899, 903 (S.D.N.Y. 1992) ("where jurisdiction is based on a federal question..., otherwise nonremovable claims such as the securities claim covered by 15 U.S.C. § 77v(a) may be included in the case removed, so long as the case as a whole is not a securities 'case.'").

Furthermore, this Court could still exercise supplemental jurisdiction even when it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3)  (district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction.").  Here, the 1933 Act claim remains.

4

Even if there were no federal question accompanying the state law claims, the Court may still retain jurisdiction where "the plaintiff has used manipulative tactics... such as simply...deleting all federal-law claims from the complaint and requesting that the district court remand the case." Lieu, 2007 WL 4287642 at *1) (quoting Harper v. AutoAlliance Int'l Inc., 392 F.3d 195, 211 (6th Cir. 2004)).  The Lieu court denied her motion to remit despite the fact that only state law claims remained:

> The court finds it would be unfair to the defendant to order a remand when the defendant has expended resources appropriately removing this case and plaintiff's apparent sole motivation in deleting the federal claim and seeking remand was so that the case would be returned to her preferred forum, Florida state court.

Id. at *2.  The same circumstances exist here.  Plaintiff amended his complaint for the sole purpose of remanding this action to state court after Defendants went to the expense of removing the action to this Court.  Accordingly, the Court will retain jurisdiction of this matter.  It is hereby

ORDERED AND ADJUDGED that the Motion to Remand, filed May 15, 2008 **[DE 14]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 7th day of July, 2008.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE